*W. A. Peelle*, for the appellant.

*J. E. McDonald* and *A. L. Roache*, for the appellee.

---

KING and Another *v.* STEWART and Another.

The reader is referred to the opinion, for the ruling in this case.

APPEAL from the *Decatur* Common Pleas.

WORDEN, J.—Action by *Stewart & Stewart* against *King & Braden*, upon a promissory note, made by the defendants to one *Hedrick*, and indorsed by the latter to the plaintiffs. Trial by the Court, finding and judgment for the plaintiffs.

The case is before us upon the evidence. The defense sought to be made available is a want of consideration for the note. It appears that, in February, 1861, said *Hedrick* and the defendants entered into a contract by which *Hedrick* was to deliver to the defendants a certain number of

hogs, at a time named, for which the defendants were to pay a stipulated price, and the defendants then paid *Hedrick*, on the contract, two hundred and eighty-one dollars. Before the time for the delivery of the hogs arrived, *Hedrick* procured the defendants to enter themselves as replevin bail upon some judgments rendered against him before a Justice of the Peace, and it was agreed that the defendants should assume the payment of the judgment, and it should be deemed and taken as a payment on the hog contract. Afterward, and after the time for the stay of execution had expired, viz., on the 10th of August, 1861, the said *Hedrick* delivered the hogs, in pursuance of the contract, which amounted to three hundred and eighty-five dollars and seventeen cents, from which was deducted the payment of two hundred and eighty-one dollars, before mentioned, and the following due bill or note sued on was given for the balance, viz.:

"Due *J. M. Hedrick*, one hundred and four dollars and seventeen cents, it being the balance due on hogs, this August 10th, 1861.          J. G. KING and R. BRADEN."

At the time of the above settlement, and the striking of the balance in favor of *Hedrick*, one of the defendants told *Hedrick* he knew where that money belonged. *Hedrick* said that he did; that it had to go on those Justice's judgments. But the parties could not go to the Justice's that evening, and *Hedrick* wanted a showing or due bill for the amount, until they could meet at the Justice's and ascertain the amount of the judgments, and make a settlement. The note was given, and the parties agreed to meet at the Justice's office in a few days, and see if the amount of the judgments equaled the amount of the note, and if so, the note was to be surrendered. The proposed meeting never was had. The judgment exceeded the amount of the note. On the 13th of August, 1861, the defendants were notified that the note had been assigned to the plaintiffs. Afterward,

on the 16th of the same month, the defendants, as such replevin bail, as the receipt given therefor shows, paid off the judgments.

We are of opinion that the judgment below must be sustained. It was a question of fact for the Court below to determine, under the evidence, whether it was the intention of the defendants and *Hedrick*, by their agreement, that the assumption of the payment of the judgments by the defendants, and .their entering themselves as replevin bail thereon, should, *ipso facto*, be taken and deemed a payment of the amount of the judgments on the hog contract, or whether actual payment of the judgments by the defendants was contemplated? The Court might, under the evidence, have found that the latter was the intention of the parties. If so, the amount of the judgments had not been *paid* upon the hog contract at the time the note was given, but the balance specified was due thereon, and furnished a good consideration for the note. The payment of the judgments was made after the defendants were notified of the indorsement of the note to the plaintiffs.

*Per Curiam.*—The judgment below is affirmed, with costs and one per cent. damages.

*Oscar B. Hord* and *Cortez Ewing*, for the appellants.